IRVING, J.,
dissenting.
¶ 7. The majority affirms the decision of the trial judge holding that Lucas’s appeal to the circuit court of a decision of the Board of Supervisors of Lamar County (the Board) was time barred. In reaching its decision, the majority relies upon minutes of the Board that were neither before the circuit court nor a part of the trial record when the trial court’s decision was rendered. The majority errs in this respect; therefore, I respectfully dissent.
¶ 8. It is a cardinal principle of appellate review that appellate courts decide eases based only upon the record before them, not upon assertions in the briefs. Cooper v. State Farm Fire & Casualty Co., 568 So.2d 687, 697 (Miss.1990). The original record sent to this Court does not contain any minutes of the Board, and this Court, noticing the absence of the minutes upon which the trial judge apparently relied, ordered that the record be supplemented. The supplemental record, which was filed with this Court, contains minutes of the Board for meetings held on August 7, 10, and 24, 2000. Conspicuously absent for whatever reason is a copy of the July minutes, specifically, the July 20, 2000 minutes. In any event, as to the minutes that were supplied, neither set mentions the private right-of-way matter which is the subject of this appeal, nor does any set contain any motion approving the July 2000 minutes of the Board. Moreover, the August minutes, as contained in the supplemental record, were not filed with the Lamar County Circuit Court until October 17, 2002. The trial judge’s order dismissing Lucas’s appeal was entered July 9, 2001, well over a year prior to the minutes being made a part of the trial court record in this case.
¶ 9. The majority totally ignores the effect of the absence of the minutes from the trial and appellate records and attempts to gloss over the lack of approval of the minutes for July 20, 2000, and August 7, 2000. Of interest is the following quote by the majority: “The latest time when the decision [to deny Lucas’s request for reconsideration of the decision granting the right-of-way] could have become final was, as the circuit court dictated in its order, on August 7, 2000, at which time the minutes of the July meeting were signed by the president of the board of supervisors, pursuant to Mississippi Code Annotated section 19-3-27 (Rev.1995).” Majority opinion at ¶ 5.
¶ 10. The record does not contain a scintilla of evidence that the July 20, 2000 minutes, which purportedly contains the final decision of the Board, were signed on August 7, 2000, by the president of the Board pursuant to Mississippi Code Annotated section 19-3-27 (Rev.1995). The stated code section provides in pertinent part that:
The minutes of each days proceedings shall either (a) be read and signed by the president or the vice president, if the president is absent or disabled so as to prevent his signing of the minutes, on *70 or before the first Monday of the month following the day of adjournment of any term of the board of supervisors; or (b) be adopted and approved by the board of supervisors as the first order of business on the first day of the next monthly meeting of the board.
Miss.Code Ann. § 19-8-27 (Rev.1995).
¶ 11. Apparently, the majority reads Mississippi Code Annotated section 19-3-27, subsection (a) as permitting the president of a board of supervisors to sign the official minutes of the board outside of board meetings and without the minutes having been first read in an open meeting of the board. This construction of the statute is in direct conflict with the literal language of the statute and would permit a president, limited only by his standard of integrity, to sign minutes containing information which the board had not approved or ever heard of. Such a construction would also render meaningless the language in the statute that the minutes shall be “read,” as well as that portion of the statute which permits the vice president to sign “if the president is absent or disabled so as to prevent his signing of the minutes.” What is being referenced by the phrase, “if the president is absent”? The obvious answer is “the meeting of the board of supervisors where the minutes are to be read and signed.”
¶ 12. As previously observed, the August 7, 2000 minutes do not mention the July 20, 2000 minutes. Therefore, the signature of the president of the Board, which is affixed to the August 7, 2000 minutes, cannot be viewed as approving the July 20 minutes, even if a reading of the July 20 minutes in the August 7 meeting were not required.
¶ 13. For the reasons presented, I dissent. I would reverse and remand this case to the circuit court to determine whether the minutes of the July 20 meeting were ever properly approved in accordance with applicable law. If they were properly approved at some time other than August 7, 2000, then I would direct the trial judge to determine the timeliness of Lucas’s appeal in accordance with that date. If they have not been approved, I would direct that the appeal was premature, leaving Lucas with the option of refiling his appeal within ten days following the approval of the July 20, 2000 minutes.
KING, P.J., JOINS THIS SEPARATE OPINION.